### J. P. ELAM, Tutor, et al. *v.* THE HEIRS OF BARR.

Suit cannot be brought against the securities on a tutor's bond, until the necessary steps have been
taken to enforce payment against the principal.

APPEAL from the District Court of Catahoula, *Barry*, J.
   *Mayo*, for plaintiffs and appellants. *Taliaferro*, for defendants.

SPOFFORD, J. The heirs of *L. W. Elam*, instituted this suit of attachment
against certain non-resident heirs of *A. S. Barr*, who was one of the sureties
of *Samuel Glenn*, deceased, upon his bond as tutor of the plaintiffs.

Certain funds coming to the defendants as heirs of *A. S. Barr*, were attached,
but the attachment was dissolved and the suit dismissed upon exceptions taken
*in limine litis* by the defendants' counsel.

It is a sufficient reason for affirming the judgment, that at the time of the
filing of the exceptions, the plaintiffs had procured no settlement of their
account against their tutor contradictorily with him, or with those who repre-
sented him after his decease. Section 6th of the Act of March 16th, 1842
(Sess. Acts, p. 302), provides: "That the Courts of Probate shall have exclu-
sive cognizance of all suits or actions against sureties on the bonds of appeal,
and all others which they are bound by law to receive or exact from appellants
and administrators, tutors, curators, and testamentary executors generally;
and no such suit shall be instituted against the security until the necessary
steps have been taken to enforce payment against the principal."

The first step towards this result would have been the liquidation of their
claim against the principal. Having neglected to take that step, or to to show
any valid excuse for their failure to do so, their demand against the heirs of
the surety was premature, and was properly dismissed upon the exceptions
filed.

Judgment affirmed, with costs.